IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:16-CR-201 |
| vs. | |
| MIGUEL MONTEON, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report and addendum in this case. There are no motions for departure or variance. The defendant has objected (filing 49) to the presentence report.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has objected (filing 49) to the presentence report on two grounds: first, to the inclusion in the presentence report of information relating to the defendant's gang affiliation, and second, to calculation of the base offense level pursuant to U.S.S.G. § 2K2.1(a)(4)(B). The Court's tentative finding is that the defendant's objection—with one limited exception—lacks merit.

First, the defendant objects to certain references in the presentence report to his gang membership: the defendant told his probation officer that he was connected to a gang, and police reports also suggested that "the defendant advised" he was part of a gang. *See* filing 49 at 1-2. The defendant complains that the statements "are supplied without any further context with which to evaluate the significance or weight of the statements made, the chronological timing or reliability or state of mind of the Defendant in allegedly making said statements, nor what the ultimate relevance of these statements has to the instant case." Filing 49 at 1.

But that is no basis to exclude them from the presentence report, particularly given that they do not appear to have affected the guidelines calculation. If the defendant believes that further context is required to explain the statements, or to establish their timing or the defendant's state of mind, then he is free to provide such evidence at sentencing; similarly, the defendant is free to argue at sentencing that the statements are not relevant to the § 3553(a) factors, and the Court will consider that argument. But the Court finds no merit to the defendant's contention that the statements are improperly included in the presentence report.

Second, the presentence report found the base offense level to be 20, based on the finding that the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine. *See* § 2K2.1(a)(4)(B). Such a weapon, for guideline purposes, includes "a semiautomatic firearm that has the ability to fire many rounds without reloading because at the time of the offense . . . a magazine or similar

device that could accept more than 15 rounds of ammunition was in close proximity to the firearm." § 2K2.1 cmt. n.2. And in this case, police found an AK-47 rifle in the defendant's bedroom closet and a 50-round drum magazine in a shoebox at the foot of his bed.

The defendant does not appear to dispute those facts—instead, he argues that there is "no further guidance nor a bright line rule for how proximate a large capacity magazine must be to a semiautomatic weapon to mandate this conclusion." Filing 49 at 2. But the Court need not explore the outer boundaries of "proximity" to conclude that the magazine in this case, located at most a few feet away from the rifle and quickly accessible, was in "close proximity" to it. *See*, *United States v. Cromwell*, 523 F. App'x 443 (9th Cir. 2013); *United States v. Mudlock*, 483 F. App'x 823, 828–29 (4th Cir. 2012); *see also United States v. McDaniel*, 838 F.3d 955, 957–58 (8th Cir. 2016); *cf. United States v. Torres*, 489 F. App'x 968, 970 (8th Cir. 2012).

The defendant also contends that based on his contention that he only used the rifle for target shooting, he is entitled to the six-level reduction for possessing the firearm and ammunition for "lawful sporting purposes." § 2K2.1(b)(2). The Court finds no merit to this argument, for two reasons. First, if § 2K2.1(a)(4) is applicable, the six-level reduction of § 2K2.1(b)(2) is unavailable. Second, "lawful sporting purposes" are determined by the surrounding circumstances, which include "the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history (e.g., prior convictions for offenses involving firearms), and the extent to which possession was restricted by local law." § 2K2.1 cmt. n.6. The Court would have little difficulty in concluding that the surrounding circumstances here—particularly the type of firearm and magazine, and the defendant's additional possession of body armor—that the firearm was not possessed solely for "lawful sporting purposes." *See United States v. Dinges*, 917 F.2d 1133, 1135–36 (8th Cir. 1990); *see also United States v. Bertling*, 510 F.3d 804, 811 (8th Cir. 2007) (weapon possessed for target shooting and personal protection was not possessed only for sporting purposes).

Accordingly, the Court's tentative finding is that the defendant's objection should be substantially overruled. There is one exception: at the end of his brief, the defendant also suggests that "there is no

evidence that the magazine was compatible with the weapon." Filing 49 at 6. And if the defendant objects to any of the factual allegations contained therein on an issue on which the government has the burden of proof, such as the base offense level and any enhancing factors, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). Accordingly, the Court will resolve this issue on the evidence presented at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 7th day of March, 2017.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge